C. DUSENBURY V. J. W. ALBRIGHT.

[FILED FEBRUARY 10, 1891.]

**Promissory Note:** SIGNER AFTER DELIVERY: LIABILITY.  A promissory note due in ten months from date and payable to bearer was given by H. M. and B. F. M.  About two months after the execution of the note the original holder sold the same to one J. at a discount of five per cent with accrued interest, and at J.'s request signed said note immediately to the left of the signatures of the original makers; the reason being, as testified to by him, that there was not room on the paper under the names of the original signers.  After the note became due it was transferred to one A., who brought an action thereon against the original holder.  *Held,* That the proof showed that the original holder was liable as maker of the note.

ERROR to the district court for Pawnee county. · Tried below before APPELGET, J.

*J. K. Goudy,* for plaintiff in error, contending that Dusenbury was simply an indorser for value, cited: *Taylor v. Dobbins,* 1 Stra. [Eng.], 399; *Natl. Pemberton Bank v. Lougee,* 108 Mass., 373; *Palmer v. Grant,* 4 Conn., 389; *Heister v. Gilmore,* 5 Phila., 62; *French v. Turner,* 15 Ind., 59; *Folger v. Chase,* 18 Pick. [Mass.], 63; *Haines v. Dubois,* 1 Vr. [N. J.], 259; *Herring v. Woodhull,* 29 Ill., 92; *Hance v. Miller,* 21 Ill., 636; *Fay v. Sears,* 111 Mass., 154; *Davis v. Neligh,* 7 Neb., 78; *Elgin v. Hill,* 27 Cal., 373; *Coghlin v. May,* 17 Cal., 515; *Kittle v. De Lamater,* 3 Neb., 325.

*Story & Story, contra,* cited: *Smith v. Rawson,* 61 Ga., 208; *Lane v. Krekle,* 22 Ia., 399; *Cone v. Baldwin,* 12 Pick. [Mass.], 545.; *Delaney v. Linder,* 22 Neb., 274; *Junge v. Bowman,* 72 Ia., 648; *Mason v. Mason,* Id., 457; *Johnson v. Glover,* 12 N. E. Rep. [Ill.], 257; *Houck v. Graham,* 6 N. E. Rep. [Ind.], 594; *Partridge v. Colby,* 19 Barb. [N. Y.], 248; *Cook v. Brown,* 62 Mich., 473.

MAXWELL, J.

The defendant in error brought an action against the plaintiff in error, and alleged in his petition that "on the 27th day of February, 1882, said defendant, with others, made their promissory note in writing of that date in the words and figures following, to-wit:

"'$125.50.                              FEBRUARY 27, 1882.

" 'Ten months after date, for value received, we promise to pay to the bearer one hundred and twenty-five and $\frac{50}{100}$ dollars, with interest at ten per cent, at Joy, Eckman & David's Bank, Pawnee City, Nebraska.

"'C. DUSENBURY.              HENRY McDOWELL.
                              "'B. F. McDOWELL.'

and then and there delivered said promissory note to one W. B. Jones for value received.

"That before the commencement of this action the plaintiff, for a valuable consideration, became the owner of said note, and is entitled to receive the money therein promised. No part of said note has been paid, except the sum of fifty-five dollars paid on the 26th day of December, 1882, and there is now due from the defendant to the plaintiff thereon the sum of eighty and $\frac{90}{100}$ dollars, with interest thereon at ten per cent from the 26th day of December, 1882, for which amount, with costs of suit, plaintiff prays judgment."

The defendant below in his answer first denies each and every allegation contained in the petition; second, states "that said alleged note, referred to by plaintiff in his said petition, was given by said Henry McDowell and B. F. McDowell, and by them alone, and was by them only signed at the time of the date thereof, or at any other time, as makers; that said so-called note was executed and delivered by Henry McDowell and B. F. McDowell to the defendant, the consideration of which was certain property

purchased by said McDowells from this defendant at a
public sale of property belonging to this defendant, said
sale being made on or about the 27th day of February,
1882, said property so as aforesaid by said McDowells
purchased was the property of this defendant; that after-
wards this defendant sold said so-called note to one W. B.
Jones, and indorsed the same as follows: ' C. Dusenbury,'
and that after and long after said so-called note had become
due, said W. B. Jones transferred said so-called note to the
plaintiff herein, who at the time of said transfer to him well
knew that said so-called note was past due."

The plaintiff below in his reply, first, denies the allega-
tions of the answer, and, second, alleges that he purchased
the note without notice of any claim of the defendant be-
low that he was not a maker of the note.

On the trial of the cause the jury returned a verdict in
favor of the plaintiff below for the full amount of the
note less $55, which had been paid by McDowell.

The testimony tends to show that in 1882 Henry Mc-
Dowell and B. F. McDowell purchased certain property of
the plaintiff in error at a public sale and gave their note
there for for the sum of $125.50, due ten months after date,
with interest at ten per cent.   About two months after the
execution of the note the plaintiff in error sold the same
to one Jones at a discount of five per cent and accrued in-
terest, and that Jones required him to sign the note.   The
plaintiff in error in his testimony says in effect that the
reason he did not sign immediately under the names of the
McDowells was because there was not room on the paper,
hence he signed immediately to the left of those names.
The plaintiff in error evidently, from his own testimony,
did not regard himself as an indorser on the note, and if the
testimony of Jones is to be believed he regarded his liabil-
ity as still continuing.   About two years after Jones had
obtained the note he transferred the same to the plaintiff
below, who evidently supposed that the defendant below

was one of the makers of the note. There was nothing on the face of the note to apprise him who was the payee. The note was payable to bearer, and therefore negotiable, without indorsement, hence the legal title would pass by a mere transfer of the instrument.

There is some testimony in the record tending to show that one of the McDowells had moved away before the bringing of this action and that the other was not in a situation financially to pay the debt. Whether the McDowells were financially able to pay the note when it was given does not appear, but the fact that Jones required the plaintiff in error to sign the same as joint maker leads us to infer that that matter was in doubt. It is very evident from all the testimony that the plaintiff in error signed the note as joint maker and that he is liable thereon.

A case very similar to this was before the supreme court court of Michigan in *Cook v. Brown*, 29 N. W. Rep., 46, where numerous cases bearing upon this question are cited.

The judgment of the district court is right and is

AFFIRMED.

THE other judges concur.