## Gill Wheelock *v.* John Moulton and George R. Moulton.

A party cannot except to a judgment which awards him a greater sum than he claims, on the ground that he is credited for a sum of money which should go to the credit of another person or firm.

The judgment in one case is not evidence in the other. Therefore a person, who is interested in another suit in a question involved here, is not, on that account, necessarily incompetent to testify in this case.

In actions of book account, which come into this court upon exceptions reserved in the county court by one party, and which are overruled here, this court cannot re-examine questions which were decided against the other party, and to which decisions no exceptions were taken and reserved.

When the exceptions taken and reserved are in this court sustained, and the judgment of the county court reversed, the whole case is then before this court, to render such judgment as the county court should have rendered.

In contracts for interest, generally, interest upon interest will not be allowed.

This was an action of book account against the defendants as partners, under the firm of George R. Moulton & Co.

Judgment to account was rendered in the county court, and auditors were appointed, who afterwards made their report to the county court.

It appeared, from the auditors' report, that, on the 24th of September, 1838, a contract was made between the plaintiff and the firm of Moulton, Page, & Co., who were manufacturers of cassimere at Proctorsville, Vt., which firm consisted of John Moulton, George R. Moulton, (defendants in this suit,) Eliphalet T. Page, and Samuel Ford, in and by which contract the plaintiff agreed to accept drafts drawn on him by said Moulton, Page and company, to an amount sufficient to pay for what wool was wanted to stock their factory for one year, or until the expiration of their lease of the mill, which expired May 15, 1839, and to accept drafts to the amount of twenty-five cents on each yard of cassimere, when delivered by said firm at plaintiff's store in Boston, Mass., and said firm agreed to forward the goods by them made from the wool so purchased, to the plaintiff, as fast as they were manufactured, to be by him sold. And the plaintiff was to have seven and one half *per cent.* commission for selling the cloths, and guarantying the payments and interest at the rate of six *per cent.* per annum on all moneys advanced by him.

On the fifth day of October, 1838, Ford purchased the interest of Page in said partnership business, and the latter retired from the firm. From that time to the sixth of May, 1839, the business was carried on by said Moultons and Ford, in the name of George R. Moulton & Co., at which time John Moulton and George R. Moulton commenced running said mill under a new lease for another year, and carried on the business on their own account, under the name of George R. Moulton & Co., until sometime in December following, when the present suit was brought. During this period, it was known to the plaintiff that said John and George R. were the only persons who composed said firm of George R. Moulton & Co., and the plaintiff was employed by them to sell their goods upon the same terms stated in the above mentioned contract between him and Moulton, Page & Co.

The auditors found that soon after Page retired from the firm of of Moulton, Page & Co., the plaintiff opened an account with George R. Moulton & Co., and the balance of

Windsor, *February*, 1841.

Wheelock *v.* *Moultons.*

Moulton, Page & Co.'s account was, by direction of George R. Moulton & Co., transferred to the account of the latter firm.

It also appeared, from the testimony of Ford, who was introduced as a witness by defendants, that the plaintiff,in 1838, had knowledge that Ford was one of the partners in the firm of Moulton,Page & Co., but Ford was objected to,by the plaintiff, before the auditors, on the ground of interest. The auditors overruled the objection, subject to the opinion of the court. If the court were of the opinion that Ford was not admissable as a witness, then the auditors found that the plaintiff had no knowledge, previously to the commencement of this suit, that Ford was a partner in said business.

It was urged by the plaintiff, before the auditors, as an objection to Ford's testifying, that a suit was pending in favor of said Moultons and Ford against the plaintiff, to recover the balance of the account due from the plaintiff to the firm of which they were the members, from October 5, 1838, to May 6, 1839, being $930.41.

No notice of the formation or dissolution of either of said partnerships was ever publicly advertised.

The above balance of $930.41 was credited to the defendants in this action, and the defendants objected to its being allowed as an item to their credit.

If the said Ford was admissible as a witness, the auditors found that said item of $930.41 should be deducted from the credit side of the plaintiff's account, leaving a balance of $6,607.05 due to the plaintiff. But if Ford was not a competent witness, then the auditors found a balance of $5,236 78 due to the plaintiff.

The county court decided that Ford was not a competent witness to prove the partnership of which he was a member, and that said item of $930.41, credited to the defendants in the plaintiff's account, be allowed as credited, and that the plaintiff's recover of the defendants $5,236.78.

The defendants excepted to this decision of the county court.

It further appeared, from the report of the auditors, that the plaintiff rendered his accounts at the end of every four months, and cast interest upon interest on the balances, according to the usages of commission merchants in Boston,

and if the court were of the opinion that this usage was proper, in the present case, then the auditors allowed the interest as computed by the plaintiff.

But the auditors computed the interest upon each item of the debt and credit side of the account, from their respective dates to the time of the audit, and the county court decided the latter mode to be correct, and to this decision there were no exceptions taken in the county court.

*Aikens & Edgerton* argued for defendants.

*T. Hutchinson,* for plaintiff, insisted that interest should be allowed the plaintiff according to the usage and custom of merchants, as stated in the auditors' report; and that Samuel Ford was not a competent witness for the defendants; and that the item of $930.41, credited to the defendants in plaintiff's account, should stand as a credit to the defendants in that account.

The opinion of the court was delivered by

REDFIELD, J.—This case comes into this court on exceptions, taken by the defendants to the decision of the county court in accepting a report of auditors. The only question raised by defendants is whether the plaintiff had a right to credit them in this action a certain item of $930.41. We do not see how any such exception can be maintained. The plaintiff might balance his account, if he saw fit, or he might remit any portion of it, without the pretence of payment. The defendants could not complain of it. Its allowance in this action will not exonerate the plaintiff from allowing it in another action, where Samuel Ford is defendant. And had it been rejected here, it would not be allowed in Ford's favor in the other action any more on that account. The judgment in this action is not evidence in that action. On that account we do not well see how Ford is not competent to testify in this suit. But whether he was or not, the defendants cannot complain of a decision which was in their own favor.

The plaintiff also asks the court to correct an error in the judgment of the county court, in not allowing him compound interest.

It is a sufficient answer to this application, that the plaintiff took no exceptions to the judgment of the county court. As the case comes here on exceptions reserved by the defendants, and those are overruled, we can only affirm the judgment. Had we reversed the judgment of the county court, on the exceptions reserved, we might then have examined the whole case, and rendered such a judgment as the county court should have rendered.

It is obvious, too, that under a contract like the present, where money was advanced to be repaid with interest, generally, the most that could be allowed the plaintiff would be to deduct the interest, already accrued, from the several payments.

No custom of merchants, however uniform or long standing, will justify a court, in this state, in allowing a party to cast interest upon interest on a running account.

Judgment affirmed.