H. S. ROYCE *v.* BENJAMIN F. NYE AND NELSON NYE.[*]

*Promissory Note. Parties.*

In general assumpsit with a count on a negotiable promissory note alleged to have been executed and delivered by defendants to W. and by W. indorsed for value to plaintiff, it appeared that the note was not indorsed to plaintiff, but to other parties, but plaintiff testified that he owned and had the note when the suit was brought, and thereafter, and it appeared that the note in question was one of four, three of which defendants had paid to plaintiff, and that before suit brought defendants offered to pay "the plaintiff $—— on the note in suit." *Held*, that he could not maintain the action on the note, as the note had not been transferred to him, nor on a promise to pay to him, as none was either alleged or proved ; and that the production of the note on trial was not sufficient evidence of title to enable plaintiff to recover in disregard of the indorsements.

GENERAL ASSUMPSIT, with a count on a negotiable promissory note for $425, alleged to have been executed and delivered by the defendants to N. D. Wait, and by Wait indorsed for value to the plaintiff. The case was referred, and the referee found the following facts :

At the hearing the plaintiff in opening offered in evidence a joint and several note signed by the defendants, and indorsed as stated in the opinion of the court, and it was received without objection. It appeared that the note was one of four of equal amount, that the others had been paid by the defendants to the plaintiff, and that before this action was brought the defendants offered " to pay the plaintiff $—— on the note in suit." After the argument was closed the defendant's counsel called the attention of the referee to the want of an indorsement to the plaintiff, and insisted that the plaintiff could not recover. The referee

[*] Heard at the January Term, 1878.

thereupon permitted the plaintiff to testify, subject to objection, that he owned and had possession of the note at the time the suit was brought and thereafter. The referee found $117.91 " due the plaintiff " on the note.

At the September Term, 1877, the court, ROYCE, J., presiding, rendered judgment, *pro forma,* for the plaintiff; to which the defendants excepted.

*Davis & Stevens,* for the defendants.

The plaintiff cannot maintain the action in his own name. The note is payable to order, and he is not an indorsee. *Downer* v. *Tucker,* 31 Vt. 204; *Bank of United States* v. *Lyman,* 20 Vt. 666; *Emerson* v. *Wilson,* 11 Vt. 357; *Taylor* v. *Binney,* 7 Mass. 479; Barbour Parties, 42; Story Prom. Notes, s. 120. And see Gen. Sts. c. 80, ss. 5, 6.

The objection was seasonably made. It went to the plaintiff's right of recovery on the case proved, and needed not to be taken until argument. *Williams* v. *Heywood,* 41 Vt. 279.

The fact that the plaintiff testified that he was the owner of the note is immaterial. The testimony was out of time. The referee has not found that he was the owner. *Fuller* v. *Adams,* 44 Vt. 543; *Kimball* v. *Baxter,* 27 Vt. 628; *Johns* v. *Stevens,* 3 Vt. 308.

The facts do not show a promise to pay to the plaintiff the balance due, and no promise is found. Nothing less than an express promise will support the action. Nothing appears to show that the defendants knew whether the plaintiff held the notes as his own, or in the capacity of an attorney for collection. *Slack* v. *Norwich,* 32 Vt. 818; *Dubois* v. *Doubleday,* 9 Wend. 317.

The facts found do not show a novation of parties.

The plaintiff *pro se.*

There is no question of law for the court. The court will not revise the findings of the referee. " Producing a note on trial, is sufficient evidence of title to enable the plaintiff to recover, notwithstanding a special indorsement." *Austin* v. *Birchard,* 31 Vt. 589; *Rutland & Burlington Railroad Co.* v. *Cole,* 24 Vt. 33;

*Southwick* v. *Ely*, 15 N. H. 541.   But the plaintiff proved that he was in fact the owner of the note.   That alone would entitle him to recover.   *Smith* v. *M'Clure*, 5 East, 476 ;  ·2 Saund. Pl. 47 ; *Selden* v. *Pringle*, 17 Barb. 458.

The opinion of the court was delivered by

Ross, J.   The plaintiff is not a party to the promissory note which is claimed to be the basis for a recovery in his favor.   By the note the defendants jointly and severally promise to pay N. D. Wait, or order, the sum therein named.   Wait indorsed the note, " Pay to H. S. Cutler."   Cutler indorsed it, " Pay I. S. Jennison."   Jennison indorsed it, " Pay to the order of C. P. Allen, and I hereby waive demand and notice."   The referee has found that the plaintiff testified that he owned the note, and had it at the time the suit was brought, but has failed to find whether the · fact is as testified to.   He further finds that previously to the commencement of the suit, the defendants offered to pay the plaintiff $—— on the note.   On these facts is the plaintiff entitled to maintain this suit ?   We think not.   The referee has not found that the defendants promised to pay the note to the plaintiff, nor has he declared upon a special promise from the defendants to pay him the amount of the note.   Hence, it does not fall within " the principle decided in *Moar* v. *Wright*, 1 Vt. 57 ; *Bucklin* v. *Ward*, 7 Vt. 195 ; and *Hodges* v. *Eastman*, 12 Vt. 358 ; in all of which it was held that if the maker of a note expressly promise to pay his note to the holder, the holder might sue on such promise in his own name, though he could not sue on the note by reason of its not being negotiable, or not being legally transferred to him."

Neither can he maintain the action upon the note directly, because it is not legally transferred to him, and he has not become a legal party to it.   This principle is elementary.   To quote from Story Prom. Notes, s. 120 :  " If a promissory note is originally payable to a person or his order, then it is properly transferable by indorsement.   We say properly transferable, because *in no other way will the transfer convey the legal title to the holder so that he can at law* hold the parties liable to him *ex directo*, what-

ever may be his remedy in equity." See also *Bank of United States* v. *Lyman*, 20 Vt. 666; *Downer* v. *Tucker*, 31 Vt. 204; *Taylor* v. *Binney*, 7 Mass. 479. Other authorities without number might be cited in support of this proposition. None of the cases cited by the plaintiff contradict it. *Rutland & Burlington Railroad Co.* v. *Cole*, 24 Vt. 33, relied on by the plaintiff, recognizes the general doctrine just stated, but follows the previous decisions in this State holding that a person beneficially interested in a simple contract or promissory note at the time of its execution, may sue and sustain an action in his own name upon the same. But no disposition has been shown by the court to extend the application of that principle beyond the particular class of cases to which it has been limited. The citation on the plaintiff's brief taken from Abbott's Digest, that " producing a note on trial is sufficient evidence of title to enable the plaintiff to recover, notwithstanding a special indorsement " is doubtless well-recognized law, when applied to the facts of the case. When the payee of the note on which he has made a special indorsement produces it on trial, the legal presumption is that he had never delivered the note to the indorsee, and as without such delivery the indorsement would not take effect, the payee would have the right to erase it, so that the production of it by him on the trial would be evidence of his title, and entitle him to recover. To hold, as we are asked to by the plaintiff, that the production of the note on the trial by any person not a legal party to it, is sufficient evidence of title to enable him to recover, would be quite another thing, and overturn principles which have attached to the transfer of the legal title of negotiable instruments from time immemorial. However beneficially such holding might operate in the present case, it affords no justification for pronouncing the law to be otherwise than as it has been established by innumerable decisions of the highest courts, and as it is and has been understood by all business men as well as by the profession.

But the plaintiff urges that such holding is, in this case, the sacrifice of justice to a technicality. We do not regard it in that light. Such a change in commercial law as he contends for, would be the substitution of experiment for the wisdom of ages,

and the sacrifice of the interests of the business world to the gain of an individual in a single case. It would be a triumph for robbers, thieves, and knaves, as it would enable them to collect or make available such paper, which hitherto has been valueless in their hands. The experiment is too hazardous, and the technicality, if such it be, must prevail.

*Judgment reversed, and judgment on the report for the defendants to recover their costs.*