JULY TERM, 1883. 163

Armour Bros. Banking Co. v. Riley Co. Bank.

THE ARMOUR BROTHERS BANKING CO. V. THE RILEY COUNTY BANK, *et al.*

1. RESTRICTED *Indorsement.* An indorsement, "Pay B or order, for account of C," is a restricted indorsement, vests no general property in B, but simply constitutes him the agent of C for the purpose of collection.

2. ———— Such an indorsement is a contract in writing, and not subject to contradiction by parol testimony.

3. ———— *Practice.* Where a petition sets out a specific title followed by a general averment of ownership, it will be understood that this general averment refers to the specific title, and the testimony will be limited to such title.

*Error from Riley District Court.*

ACTION brought by the *Armour Brothers Banking Company* against the *Riley County Bank of Manhattan,* and S. A. Sawyer and W. A. Scott, partners as Sawyer & Scott, on a certain draft. Trial at the December Term, 1882, of the

district court, and judgment for plaintiff and against the defendant bank; but the court sustained the demurrer of *Sawyer & Scott* to plaintiff's evidence, and gave them a judgment for costs against the plaintiff banking company. This judgment it brings here for review. Other facts are stated in the opinion.

*Green & Hessin,* for plaintiff in error.

*Spilman & Brown,* for defendants in error.

The opinion of the court was delivered by

BREWER, J.: The plaintiff in error, plaintiff below, brought an action against the defendants in error on the following draft:

"$1,000.          MANHATTAN, KANSAS, Dec. 7, 1881.

At sight, pay to the order of J. K. Winchip, cashier, one thousand dollars, in exchange or current funds, and charge to the account of real-estate loan.      SAWYER & SCOTT.

To Monadnock Savings Bank, East Jaffrey, N. H."

This draft was indorsed as follows:

"Pay W. H. Wynants, Esq., cashier, or order, for account of the Riley county bank of Manhattan, Kansas, J. K. Winchip, cashier."

The real question in the case is, as to the scope and effect of this indorsement. After copying the draft and indorsement in the petition, and besides the other allegations to show the liability of the defendants, plaintiff alleged that it was the legal owner and holder of the draft, and entitled to recover the amount due thereon. On the trial the cashier of the plaintiff bank was asked to state who was the owner, and also what interest, if any, the plaintiff had in the bill. The testimony was objected to as incompetent and irrelevant, and the objection sustained. A demurrer to plaintiff's evidence was thereafter sustained, and from these rulings the plaintiff brings error to this court.

The ruling of the district court was founded upon the idea that this indorsement is a restrictive indorsement, defining

the rights and title of the indorsee, and not open to contradiction or explanation by parol testimony. In other words, this indorsement is a written contract, conclusive as against any parol testimony, and which shows absolutely that the plaintiff was not the owner, the real party in interest, but only held the draft as agent, and for the purposes of collection. That this is a restrictive indorsement, and that it operated to transfer the draft to the plaintiff only as agent for purposes of collection, cannot be doubted. (Byles on Bills, 152; 1 Daniel on Negotiable Instruments, § 698; *Blaine v. Bourne*, 11 R. I. 119; 23 Am. Rep. 429, and cases cited in the opinion.) In this latter case, speaking of an indorsement almost identical with the one at bar, the court says: "The indorsee is rather an agent of the indorser with power of substitution, and the bill is still in the possession of the indorser by his agent." And again: "The words are notice that the restricted indorsee has no property in the bill."

It will be perceived that this is not a mere blank indorsement, but one in which the contract is written out in full, and therefore, like any other written contract, not to be contradicted or varied by parol evidence, (Greenl. Ev., §§ 277–281 and 282; Daniel on Neg. Insts., § 717;) so that upon the face of the paper it appears affirmatively that the plaintiff is not the owner, but only an agent for collection. But it is insisted by counsel for plaintiff, that as it has already been decided by this court that one who is in fact the owner and holder of a note negotiable by indorsement may maintain an action upon it although it has never been indorsed to him, (*Williams v. Norton*, 3 Kas. 295; *McCrum v. Corby*, 11 id. 465; *Weeks v. Medler*, 20 id. 65,) this plaintiff, having possession of the note, ought to have been permitted to show what interest it had in it; that although the paper was in the first instance transferred to it by this restricted indorsement, it might thereafter have acquired some interest in or title to it, and that therefore it should have been permitted to prove such interest or title. The objection to this is, that the petition does not warrant such testimony. It is true that

there was a general allegation of ownership, and if this were all, it might be broad enough to permit any evidence of ownership, no matter how acquired. But such a general allegation in a pleading is always limited by the specific statement of the manner in which the title is acquired. Thus, if in a real-estate action a plaintiff alleges that he is the owner, and then sets out a chain of title, it will be understood that he predicates his ownership upon the title which he discloses, and the testimony will ordinarily be restricted to such title. So here, the pleader sets out the draft and alleges the transfer to the plaintiff by such indorsement; and notwithstanding the general allegation of ownership, it must be understood that such allegation is limited to the specific title disclosed.

Hence we conclude that the district court properly construed the scope and effect of this indorsement and the limitations of the petition, and the judgment will therefore be affirmed.

All the Justices concurring.