# Garden City Nat. Bank *v.* Fitler, Appellant.

*Bill of exchange—Indorsement—Defences.*

An objection in an affidavit of defence to a suit on a bill of exchange, that there was no indorsement of one of the indorsees, is sufficiently answered by an averment in the statement to the effect that the draft was indorsed for collection by plaintiff and that when it was protested for nonpayment the indorsee returned it to plaintiff.

*Notice of protest—Bill of exchange—Drawer.*

It is not necessary to serve a notice of protest for nonpayment by an indorsee of a bill of exchange upon the drawee who has accepted the bill.

*Bill of exchange—Fraud—Affidavit of defence.*

An affidavit of defence in a suit on a bill of exchange against the drawee is insufficient, which alleges that the bill was given in part payment of a certain accommodation draft which had been obtained from defendant by fraudulent representations by the payees therein and that plaintiffs knew of the arrangement when they received the draft in suit, but does not allege that plaintiffs were not bona fide holders for value before maturity.

The fraudulent misapplication by the payee of the proceeds of a draft, in violation of an agreement as to their use made when the draft was issued, is not fraud in the issuing of the draft, so as to put the holder, or the holder of a draft given in part payment of the original, on proof of title.

Argued March 27, 1893.   Appeal, No. 155, Jan. T., 1893, by defendant, C. II. Fitler, from order of C. P. No. 1, Phila. Co., Jan. T., 1891, No. 519, making absolute rule for judgment for want of sufficient affidavit of defence.   Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.

Rule for judgment for want of sufficient affidavit of defence, in assumpsit against drawee of bill of exchange.

Plaintiff's amended statement was as follows:

" The plaintiff claims to recover from the defendant the sum of twelve hundred and fifty dollars with interest thereon from the ninth day of July, A. D. 1890.   The said claim is due, and is founded upon a draft for said amount, of which the following is a copy:

" $1,250.                    PHILADELPHIA, March 6, 1890.

" Four months after date pay to the order of Daniel H. Bacon twelve hundred and fifty dollars, value received, and charge the same to the account of                    C. H. FITLER.

" To C. H. FITLER, 909 Walnut St., Phila.

          " Accepted : C. H. FITLER.

" Indorsed :

" Pay to the order of Thos. F. Morrison, Cashier.

                              " DANIEL H. BACON.

" Pay Keystone National Bank or order for collection account of The Garden City Bank, San Jose, Cal.

                              " THOS. F. MORRISON, Cashier.

" The plaintiff also claims to recover from defendant the sum of $2.05 paid for protest of said draft.

" The said draft was made and drawn by defendant, C. H. Fitler, upon said C. H. Fitler to the order of Daniel H. Bacon ; was accepted by C. H. Fitler and indorsed by said Daniel H. Bacon to the order of Thomas F. Morrison, Cashier.   The said Thomas F. Morrison, being cashier of the plaintiff bank, indorsed said draft to the Keystone National Bank or order for collection for account of The Garden City National Bank, the

plaintiff.  Said plaintiff, being the holder of said draft so in-
dorsed before maturity for value given, delivered the same so
indorsed to said Keystone National Bank for collection for
plaintiff's account.  Said draft was duly protested at maturity
thereof for nonpayment, and returned by said Keystone Nat-
ional Bank to plaintiffs, who are the holders and owners there-
of.  And said plaintiff avers that the said sum of twelve
hundred and fifty dollars, with interest as aforesaid, and said
sum of $2.05 paid for protest of said draft, are wholly due and
unpaid and are justly payable from defendant to plaintiff."

To this statement is added the affidavit of Morrison, Oct. 25,
1892, that he is cashier of plaintiff bank and " that the facts
set forth in the above statement are true," with a certificate by
the clerk of courts as to the signature, etc., of the notary.

" Defendant is advised that the statement filed is insufficient
in law: Because : (1) The affidavit of claim is dated Janu-
ary 31, 1891, many months before the date of the above suit
(which is June 24, 1891), and when there was no plaintiff.
(2) It is not sufficient under the act of congress as to the
supposed official certifying to the same.  (3) There is no in-
dorsement of the Keystone National Bank of the draft in suit,
one of the indorsees.  (4) There is no demand of payment
shown nor any averment of protest of the bill which deponent
says if made was not received by him.

" Further : On the merits he says there was no consideration
given for the draft nor is he indebted to any one therefor, either
plaintiff, drawer or indorsers.  Originally deponent gave his
draft as accommodation without consideration received, in favor
of one Nathan L. Leahan and George Leahan, who were in-
debted to plaintiffs, upon their representation that the plaintiffs
would advance them moneys for the express purpose of taking
up certain notes of several thousand dollars, owing by them to
one Baumgarten in a transaction of purchase of one half inter-
est of land in San Miguel, Lower California, on their joint ac-
count, which when done was to be transferred to deponent in
consideration of other moneys deponent had advanced to them
as well.  Deponent paid on account thereof in 1889 and 1890
to the plaintiffs two thousand dollars and gave the draft in suit.
Deponent did not know then but only afterwards discovered
the falsity of the statements and representations made to him,

and found out that the whole scheme was a fraud on him.   The plaintiffs knew of the said arrangement and transaction when they received the draft.   The money was not used for the purposes aforesaid but was deceitfully appropriated otherwise, and deponent discovered that their alleged title and claim to the said land was fraudulent, and that the draft was used in bad faith towards deponent.   He would not have given the same had he known at the time the wrongful use that was made of it, or so intended.   Neither were the notes of the said parties taken up as agreed upon.   The name of Daniel H. Bacon was only used by the parties formally and for their convenience, as deponent was not indebted to him.   He claims that the $2,000 paid should be returned to him by the said plaintiff, as no consideration was received therefor."

Rule for judgment for want of sufficient affidavit of defence was made absolute.   Defendant appealed.

*Error assigned* was entry of judgment.

*Aaron Thompson*, for appellant, cited : Hutchinson v. Boggs & Kirk, 28 Pa. 294 ; Twitchell v. McMurtrie, 77 Pa. 383 ; Selden v. Neemes, 43 Pa. 421 ; Campbell v. Pitts. & W. Ry., 137 Pa. 574 ; Boomer v. Henry, 2 Dist. R. 357.

*Charles E. Pancoast, Frederick J. Shoyer* with him, for appellee, cited : Peck's Ap., 11 W. N. 31 ; Campbell v. Ry. Co., 137 Pa. 574 ; Gray's Admr. v. Bank, 29 Pa. 365 ; Lamb v. Burke, 132 Pa. 413 ; Hart v. U. S. Trust Co., 118 Pa. 565 ; Sloan v. Banking Co., 67 Pa. 470 ; Bardsley v. Delp, 88 Pa. 420 ; Hutchinson v. Boggs & Kirk, 28 Pa. 294.

PER CURIAM, April 17, 1893 :

In its amended statement, the plaintiff bank claims to recover from defendant twelve hundred and fifty dollars, with interest, etc., due on defendant's draft, a copy of which, with indorsements thereon, is fully set forth therein.

It is averred that said draft was drawn by defendant upon himself to the order of Daniel H. Bacon, accepted by the drawee and indorsed by the payee to the order of Thomas F. Morrison, cashier, who, being cashier of plaintiff bank, in-

dorsed the same to the Keystone National Bank or order, for collection for account of said plaintiff bank; that said plaintiff bank, " being the holder of said draft so indorsed before maturity for value given, delivered the same so indorsed to said Keystone National Bank for collection for plaintiff's account;" that "said draft was duly protested at maturity thereof for nonpayment, and returned by said Keystone Bank to plaintiff who is the holder and owner thereof;" that "the said sum of twelve hundred and fifty dollars with interest, and $2.05 paid for protest, are wholly due and unpaid and are justly payable from defendant to plaintiff." To this is appended the jurat of Thomas F. Morrison, who swears he is the " cashier of the Garden City National Bank, plaintiff above named, and that the facts set forth in the above statement are true."

The statement, substantially complying with the procedure act and rule of court, sets forth a good cause of action.

There is no merit in either of the four specific objections stated in the affidavit of defence. The third objection that " there is no indorsement of the Keystone National Bank. . . . one of the indorsees," is fully answered by the averment in plaintiff's statement, to the effect that the draft was indorsed by plaintiff bank to said Keystone National Bank merely for the purpose of collection for account of plaintiff, and, when it was protested for nonpayment, said indorsee returned it to plaintiff bank. The fourth objection, that demand of payment, protest and notice to defendant, etc., are not shown or averred, is equally destitute of merit. There is a distinct averment of protest in plaintiff's statement, but whether defendant was duly notified thereof or not is immaterial, in view of the fact, which is not denied, that as drawee of the bill he accepted the same.

That portion of the affidavit which claims to set forth a defence " on the merits," etc., is quite too vague and indefinite; and, moreover, it fails to connect the fraud suggested with the purpose for which the draft was given. The alleged misrepresentations of the Leahans does not impart a taint to the draft in suit. In Gray v. Bank of Kentucky, 29 Pa. 365, the affidavit of defence alleged that the bills were accepted for accommodation of the drawers, that the proceeds were to be applied to taking up prior acceptances, and that the drawer

failed to so apply the proceeds, etc., and it was held that such misapplication, though a fraud, was not such an one as imparted a taint to the paper, and was insufficient to prevent judgment.

Defendant avers that originally he gave his accommodation draft in favor of the Leahans upon their representation that plaintiff bank would advance them money for the express purpose of taking up certain notes, etc.; that, in 1889 and 1890, he paid plaintiff two thousand dollars on account, and gave the draft in suit in payment of the residue. He does not state that he and the Leahans were the only parties to the original draft which he thus took up, by paying part cash and giving the draft in suit for the residue; nor does he aver that plaintiff bank was not the bona fide holder, for value before maturity, of said original draft, nor does he distinctly state any fact or facts that warrant any such inference; nor does he deny, expressly or by necessary implication, the averment in plaintiff's statement to the effect that it became the holder of the draft in suit " before maturity, for value given," and continued to be such holder and owner until suit was brought.

We think the learned court rightly held that the affidavit of defence is insufficient.

Judgment affirmed.