Argued March 10, decided April 27, 1909.

**THOMPSON *v.* COLVIN.**

[101 Pac. 201.]

PLEDGES—POSSESSION—SURRENDER.

1. An agreement between a pledgee and another, whereby the latter agreed that he would not compel pledgee to remove the brick pledged from his premises where situated, but would keep them until sold and account for the same, and whereby pledgee agreed that the other party should have the first right to purchase the brick and the exclusive right to control the sale or other disposition thereof, did not stipulate for exclusive possession in such other party, and surrender it to him so as to defeat the pledge.

PLEADING—ANSWER—DENIAL OF CONCLUSIONS—EFFECT.

2. A denial in the answer of a conclusion only, and not of any facts, is immaterial, and tenders no issue.

PLEADING—DENIAL—NEGATIVE PREGNANT.

3. An allegation in the answer that the value of brick is not $8 per M, or any other sum than $10 per M, is an admission of the value of $8 per M as alleged in the complaint, and the limit of plaintiff's recovery.

From Josephine: HIERO K. HANNA, Judge.

This is an action of replevin commenced in a justice's court by E. D. Thompson against Robert Colvin. There was a judgment for plaintiff, and defendant appealed to the circuit court, where plaintiff again had judgment, and defendant appeals.                               AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Oliver S. Brown.*

For respondent there was a brief and an oral argument by *Mr. H. D. Norton.*

MR. JUSTICE EAKIN delivered the opinion of the court.

This is an action of replevin to recover certain brick. The complaint is in the usual form, alleging special

ownership in plaintiff, as pledgee of the brick, to secure the payment of a debt of Henry and Andrew Colvin. The answer admits the pledge, that the debt is unpaid, and that the possession was in plaintiff until July 30, 1905, and alleges, as an affirmative defense, that on that date, an oral contract was made between plaintiff and defendant, in which defendant agreed that he would not compel plaintiff to remove the brick from his premises, where they were situated, but would keep them in his possession and care until sold; that he would sell no new brick until all of plaintiff's brick were disposed of; that he would keep account of all bricks sold and account to plaintiff for the same at $6 per M; and that plaintiff agreed that defendant should have the first right to purchase the brick, and the sole and exclusive right to control the sale or other disposition of them. The action was commenced in the justice's court and tried before a jury, and a verdict rendered in favor of plaintiff. Upon an appeal to the circuit court plaintiff demurred to the affirmative defense of the answer, which was sustained, and a judgment rendered upon the pleadings in favor of plaintiff. These two rulings are the errors assigned.

Plaintiff urges the insufficiency of the answer for two reasons: (1) That defendant's right to control the sale of the brick is that of an agency, in which the agent has no interest, and therefore revocable by Thompson at pleasure; (2) that the agreement does not surrender Thompson's possession or control of the property.

1. Upon the second ground we think the demurrer was properly sustained. Defendant's offer to permit the property to remain on his premises and keep it in his possession and care until sold is not a stipulation for exclusive possession. It is only a concession upon his part, and plaintiff's agreement makes no reference to the possession, and cannot be considered as a surrender thereof to defendant. Nor is possession by plaintiff in any way inconsistent with the rights accruing to the defendant

by the terms of the agreement, and is consistent with the preservation of plaintiff's security, otherwise the pledge would be practically relinquished and plaintiff required to look alone to the personal liability of defendant, while the agreement contemplates that the property shall still remain the property of plaintiff. It is very doubtful whether plaintiff could have made such a contract at all without authority from the pledgors.

2. Defendant also urges that plaintiff was not entitled to judgment on the pleadings for the reason that issues are tendered by the denials in the answer. The denials are, however, only of conclusion and not of any facts. The facts expressly admitted by the answer constitute plaintiff's whole cause of action and entitle him to judgment. The denials relate only to the effect of such facts, and are therefore immaterial. *Bump* v. *Cooper*, 20 Or. 527 (26 Pac. 848).

3. The denial of the value of the property is that its value is not $8 per M, or any other sum than $10 per M. This is an admission of the value of $8 per M, as alleged in the complaint, and is the limit of plaintiff's right of recovery.

We find no error in the ruling of the court, and the judgment is affirmed. AFFIRMED.