## B. C. Jennings *v.* S. R. Gallagher.

November Term, 1930.

Present: Powers, C. J., Slack, Moulton, Willcox, and Thompson, JJ.

Opinion filed January 7, 1931.

170

*Theriault & Hunt* for the defendant.

*F. L. Webster* and *M. H. Alexander* for the plaintiff.

MOULTON, J. This is an action of tort. The declaration is in two counts. The verdict was for the plaintiff, and the case is here on the defendant's exceptions. The questions for review arise under the first count, by which recovery is sought for the conversion of 10 shares of the capital stock of the Hardwick Savings Bank & Trust Company.

The defendant moved for a directed verdict on this count. The motion was denied, and he excepted. Taken in the light most favorable for the plaintiff, the evidence tended to show the following facts: Both plaintiff and defendant were directors of the Hardwick Savings Bank & Trust Company. The defendant owned 10 shares of the capital stock of that institution, of the par value of $1,000, which he pledged to the plaintiff to secure him for certain obligations which he had incurred on the defendant's behalf, and for certain anticipated future indebtedness. The certificate representing the stock was indorsed in blank by the defendant and delivered to the plaintiff. While it was in the latter's possession the defendant learned that the treasurer of the bank had seen it there, and thereupon bethought himself of G. L. 5440, which, in its then form and before its amendment by No. 92, Acts 1929, provided that: "An officer of a trust company shall own not less than one thousand dollars' worth of stock in such company, absolutely unpledged.". So he told the plaintiff that the certificate had been seen in the latter's possession and that it would endanger his own standing as a director if it were allowed to remain there. Therefore he asked the plaintiff to loan him the certificate, and promised that he would put it in his safe at home, that the plaintiff would be protected in his lien and that even in the event of the defendant's death the plaintiff would still be protected because the defendant's wife knew all about the transaction. In reliance upon this undertaking, the plaintiff loaned him the certificate, without any intention of giving back his title, but when, at a later date,

the obligations being unpaid, the plaintiff demanded the certificate, it appeared that the defendant had pledged it as security for a loan at another bank.

The first ground for the motion was that by the delivery of the certificate to the defendant the plaintiff's lien as pledgee was waived and terminated.

■ Where there is a pledge of personal property the pledgee takes a special property therein, the general property remaining in the pledgor. *Lamoille County Sav. Bk. & Tr. Co.* v. *Hanson,* 93 Vt. 486, 488, 108 Atl. 396. It is essential to the validity of the pledge that possession be delivered to the pledgee, and he has a lien on the property only so long as he retains possession. *Samson* v. *Rouse,* 72 Vt. 422, 426, 48 Atl. 666. His special property therein is lost by a surrender of the thing pledged to the pledgor. *Russell* v. *Fillmore,* 15 Vt. 130, 135; *Fletcher* v. *Howard,* 2 Aikens, 115, 117. But a pledgee may permit the pledgor to take and use the pledge for any special or limited purpose, and if there is no unconditional delivery sufficient to revest the title the possession and special property as between them remain unchanged. *Harding* v. *Eldridge,* 186 Mass. 39, 42, 43, 71 N. E. 115; *Way* v. *Davidson,* 12 Gray (Mass.) 465, 467, 74 A. D. 604; *Macomber* v. *Parker,* 14 Pick. (Mass.) 497, 508; *Hickok* v. *Cowperthwait,* 210 N. Y. 137, 103 N. E. 1111, 1112, Ann. Cas. 1915B, 1002; *Fairbanks* v. *Sargent,* 117 N. Y. 334, 22 N. E. 1039, 1042, 6 L. R. A. 475; *Casey* v. *Cavaroc,* 96 U. S. 467, 24 L. ed. 779, 784; *Hutton* v. *Arnett,* 51 Ill. 198, 201; *Clare* v. *Agerter,* 47 Kan. 604, 606, 28 Pac. 694; *Thompson* v. *Colvin,* 53 Or. 488, 489, 490, 101 Pac. 201; *First Nat. Bank* v. *Bradshaw,* 91 Neb. 210, 135 N. W. 830, 39 L. R. A. (N. S.) 886, 890, 891; *New Albany Nat. Bk.* v. *Brown,* 63 Ind. App. 391, 114 N. E. 486, 489; *Reeves* v. *Capper,* 5 Bing. N. C. 136, 140, 141. Accordingly, in *Samson* v. *Rouse, supra,* it was held that where a pledgee of certain promissory notes delivered them back to the pledgor for purposes of collection, the delivery was for a special purpose, and did not in law interrupt the possession of the pledgee so long as the notes remained uncollected.

So, also, ''the pledgor may be the agent of the pledgee after the original delivery, to retain the property pawned, and in such case the intention of the parties controls, and the legal title does not change, for the reason that the pledgor holds as

the agent of his principal." *Harding* v. *Eldridge, supra,* page 43 of 186 Mass., 71 N. E. 115, 116; *Casey* v. *Cavaroc, supra; Palmtag* v. *Doutrick,* 59 Cal. 154, 159, 43 A. R. 245, and see cases cited in note, 39 L. R. A. (N. S.) 892.

And it has been held that the pledgor may be the depositary of his pledgee, in which case the formal possession of the depositary or agent is the legal possession of the depositor or principal, and the lien is not lost. *Thayer* v. *Dwight,* 104 Mass. 254, 257, 258; *Moors* v. *Reading,* 167 Mass. 322, 324, 45 N. E. 760, 57 A. S. R. 460; *In re Reeve,* 111 Iowa, 260, 82 N. W. 912, 914. ██ ██ The evidence here tended to show a loan of the stock certificate to the defendant for a special purpose, upon his agreement that the plaintiff's lien should be preserved. This could not be said to be unconditional delivery sufficient to revest the title and possession in the defendant. The intent of the plaintiff in making the loan was a question of fact for the jury. *Wilkie* v. *Day,* 141 Mass. 68, 73, 6 N. E. 542.

The defendant argues that the rule applies only where the delivery to the pledgor is for the benefit of the pledgee. It has been held that there is a distinction between a delivery to the pledgor for his own purposes and intrusting him with the custody on behalf of the pledgee. *Moors* v. *Wyman,* 146 Mass. 60, 63, 15 N. E. 104. Here the evidence tended to show that the certificate was delivered to the defendant, not merely for his own use, but as a depositary and agent of the plaintiff for its safe-keeping, and his possession was consistent with the existence and enforcement of the lien and subordinate to the rights of the plaintiff. *Thayer* v. *Dwight, supra.*

 We are dealing, of course, with the rights of the parties to this action as between themselves. We have no need to consider the rights of the second pledgee. Whatever they may be, the plaintiff's cause of action against the defendant is not affected. See *Davis* v. *Billings,* 254 Pa. 574, 99 Atl. 163, 165. A pledgee, by virtue of his special property in the thing pledged, may recover in trover for a conversion thereof by the pledgor, although it may have come lawfully into the latter's hands by the pledgee's consent. *Way* v. *Davidson, supra,* page 466 of 12 Gray (Mass.); *Holton* v. *Arnett, supra.* There is still another aspect of this transaction. The special property of a pledgee is not divested where the pledgor has obtained possession of the thing pledged by fraud or other wrongful

means. *Walcott* v. *Keith,* 22 N. H. 196, 209; *Wilkie* v. *Day, supra; Henry* v. *State,* 110 Ga. 750, 753, 36 S. E. 55, 78 A. S. R. 137; *Bruley* v. *Rose,* 57 Iowa, 651, 11 N. W. 629, 630; *Thomas* v. *Graves,* 89 Vt. 339, 343, 95 Atl. 643; *Palmtag* v. *Doutrick, supra; American Pig Iron Storage-Warrant Co.* v. *German,* 126 Ala. 194, 28 So. 603, 85 A. S. R. 21, 27. Although there may have been no evidence tending to show that fraud was intended by the defendant when he requested the loan of the stock certificate to him, yet since the plaintiff delivered it to the defendant in reliance upon the latter's undertaking to hold it for him safely, with the lien unimpaired, a conscientious obligation was imposed upon the defendant, the violation of which for his own advantage was such a fraud as in equity would make him a constructive trustee, and this would be so although he entered into the agreement with an honest intention of performing it. Although this is an equitable doctrine, a court of law will apply it to avert a fraudulent result, and where, as here, the defendant has made the plaintiff's title forever unavailing, will allow a recovery for the damage caused by the wrongful and fraudulent act. *Miller* v. *Bellville,* 98 Vt. 243, 248, 249, 126 Atl. 590, and cases cited.

There was no error in denying the motion for a verdict upon the first ground.

The second ground for the motion is that the plaintiff is barred from recovery, because his right to do so is based upon an illegal and void contract. The reasons given for the invalidity are that the original pledge was in violation of G. L. 5440, and that the special bailment of the certificate to the defendant was an attempt to circumvent the statute.

But G. L. 5440 did not forbid the pledging of the stock. It only attached a certain consequence to the act, *i.e.,* the disqualification of the defendant to hold the office of director, unless he still owned the requisite amount absolutely unpledged, which, apparently, he did not. The fact of his disqualification did not in the least affect the validity of the pledge or the plaintiff's special property in the stock. And, as we have seen, a delivery of the stock to the defendant upon a special bailment, would not destroy the plaintiff's lien.

It has been held that when an agreement, innocent in itself, is designed by one of the parties to further a purpose forbidden by the law or opposed to its policy, courts will not en-

force it in favor of such party nor in favor of the other party if he is implicated in such design. *Mound* v. *Barker*, 71 Vt. 253, 254, 44 Atl. 346, 76 A. S. R. 767; *Jenness* v. *Simpson*, 84 Vt. 127, 147, 78 Atl. 886. But, although the contract is void where its direct purpose is to effect, advance, or encourage acts in violation of law, yet where such contract is collateral and independent, though in some measure connected with acts done in violation of law, it is not void. *Carrigan* v. *Lycoming Fire Ins. Co.*, 53 Vt. 418, 423, 38 A. R. 687.

Here, the contract of pledge was valid. If there was any illegality in the concealment, it did not render the transaction void, because the contract itself was collateral and independent.

The denial of the motion upon the second ground was not error.

Two other exceptions are briefed, one to the charge and the other to the judgment. It is not necessary particularly to notice them because the questions raised are covered by what has already been said.

*Judgment affirmed.*