VERMONT EVAPORATOR CO. *v.* CHARLES E. TAFT.

May Term, 1935.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and
SHERBURNE, JJ.

Opinion filed October 1, 1935.

*A. L. J. Crispe* for the defendant.

*Edward C. Barry* for the plaintiff.

402

POWERS, C. J. The plaintiff sold the defendant an evaporator accepting in payment therefor three promissory notes for $53.33, each. At the time of the sale, a written memorandum evidencing the terms of the sale and providing that the title to the evaporator should remain in the plaintiff until the notes were paid, was executed by the defendant and delivered to the plaintiff. Default having been made in such payment, the plaintiff, acting through a public officer, made demand for the evaporator, and the defendant refused to surrender the same. Thereupon, this suit was brought for a conversion of the property. It was returnable to and tried in the Brattleboro municipal court, without a jury, and judgment was rendered for the plaintiff for the amount due on the principals of the unpaid notes. The defendant excepted. The defendant offered no evidence at the trial, but moved for a judgment on the case made by the plaintiff. In effect, the motion amounted to a demurrer to the evidence, and admitted all the facts which the evidence tended to prove, together with all reasonable inferences that could be drawn therefrom, 64 C. J. 1211.

The grounds of the defendant's motion, as stated in the court below and as argued here, are as follows:

(1) That the plaintiff's evidence failed to show the value of the evaporator at the time of the demand; (2) that, it having appeared that the notes herein referred to had been pledged at a bank for the plaintiff's debt, and it not appearing that the bank had expressly authorized the plaintiff to sue in his own name, the suit should have been brought in the name of the bank, and not in the name of the plaintiff.

 1. The first ground of the motion avails the defendant nothing. *Eastman* v. *Jacobs,* 104 Vt. 536, 538, 539, 162 Atl. 382, and *Reed* v. *Rowell,* 100 Vt. 41, 134 Atl. 641, therein cited, are full authority against him. Under these holdings, the amount unpaid on the lien notes was *prima facie* evidence of the value of the property at the time of the conversion, and was sufficient to sustain the judgment, since there was no evidence to the contrary.

 2. The claim that the notes in question were pledged to a bank is unwarranted. The only evidence regarding a transfer of the notes is the indorsements that appear upon them. On one of them, no indorsee is named. On the others, the name of the National Bank of Ogdensburgh appears as indorsee. All the indorsements are specified to be "for collection and re-

mittance on our accounts.'' Such indorsements are restrictive in character, and merely constitute the indorsee an agent of the indorser to collect the debt. *Moore* v. *Louisiana Nat. Bank,* 44 La. 99, 10 So. 407, 32 A. S. R. 332; *People's Bank* v. *Jefferson Co. Sav. Bank,* 106 Ala. 524, 17 So. 728, 54 A. S. R. 59; *U. S. Nat. Bank* v. *Geer,* 55 Neb. 462, 75 N. W. 1088, 70 A. S. R. 390; *Armour Bros. Banking Co.* v. *Riley Co. Bank,* 30 Kan. 163, 1 Pac. 506. Indeed, they are not, strictly speaking, contracts of indorsement at all, but rather the creation of a power. *Smith* v. *Bayer,* 46 Or. 143, 79 Pac. 497, 114 A. S. R. 858, 861. They pass title to the paper only so far as to enable the indorsee to demand, receive, and sue for the debt in his own name. *Freeman's Nat. Bank* v. *National Tube-Works Co.,* 151 Mass. 413, 24 N. E. 779, 8 L. R. A. 42, 21 A. S. R. 461, 463; *National Butchers', etc., Bank* v. *Hubbell,* 117 N. Y. 384, 22 N. E. 1031, 7 L. R. A. 852, 15 A. S. R. 515; *Sweeney* v. *Easter,* 1 Wall. 166, 17 L. ed. 681. Such indorsements may be revoked at the pleasure of either party; and they are revoked when the indorsee returns the paper uncollected or the indorser recalls it before collection. *Haskell* v. *Avery,* 181 Mass. 106, 63 N. E. 15, 92 A. S. R. 401, 403. The legal title remains all the time in the payee, and he may maintain suitable actions to enforce the obligation. *Smith* v. *Bayer, supra; National, etc., Bank* v. *Hubbell,* 117 N. Y. 384, 22 N. E. 1031, 7 L. R. A. 852, 858, 15 A. S. R. 515; *White* v. *Miners' Nat. Bank,* 102 U. S. 658, 26 L. ed. 250, 252. Moreover, these notes had been returned to the plaintiff, and so far as third persons are concerned, the rights of the bank therein had terminated. The rights of a pledgee in the property remain only so long as he retains possession of it. *Fletcher* v. *Howard,* 2 Aikens, 115, 117, 16 A. D. 686; *Russell* v. *Fillmore,* 15 Vt. 130, 135; *Samson* v. *Rouse,* 72 Vt. 422, 426, 48 Atl. 666; *Jennings* v. *Gallagher,* 103 Vt. 169, 172, 152 Atl. 802. When the notes came back into his possession, he could sue upon them and could enforce the lien reserved for their security in his own name. This would be so, *prima facie,* if the indorsement were absolute, and not restrictive. And it is so, *prima facie,* though the indorsee did not reindorse them, and the indorsements were not erased. *Garden City Nat. Bank* v. *Fitler,* 155 Penn. 210, 26 Atl. 372, 35 A. S. R. 874, 876; *New Haven Mfg. Co.* v. *New Haven Pulp & Board Co.,* 76 Conn. 126, 55 Atl. 604, 606; *Henderson* v. *Davison,* 157 Ill. 379, 41 N. E. 560; *Middleton* v. *Griffith,* 57 N. J. Law, 442, 31 Atl. 405, 51 A. S. R. 617, 619;

*Anniston Paper Works* v. *Mary Pratt Furnace Co.,* 94 Ala. 606, 10 So. 259; *Berney* v. *Steiner Bros.,* 108 Ala. 111, 19 So. 806, 54 A. S. R. 144, 146; *Dugan* v. *United States,* 3 Wheat. 172, 4 L. ed. 362, 364. It was said in *Royce* v. *Nye,* 52 Vt. 372, 375, that ''when the payee of the note on which he has made a special indorsement produces it on trial, the legal presumption is that he had never delivered the note to the indorsee, and as without such delivery the indorsement would not take effect the payee would have a right to erase it, so that the production of it by him on the trial would be evidence of his title, and entitled him to recover.''

There is no claim that the case is affected by the Negotiable Instruments Act (P. L. 7134 *et seq.*).

We hold, therefore, that the production of the notes by the plaintiff afforded *prima facie* evidence of his title thereto, and that the second ground of the motion is unavailing.

The plaintiff says that by inadvertence the interest on the notes was omitted from the judgment, and he asks us to correct this error. But he did not except, and the rule is that, when defendant brings a case here on exceptions which we overrule, we cannot consider errors against the plaintiff to which he did not except at the trial. *Wheelock* v. *Moulton,* 13 Vt. 430, 434.

*Judgment affirmed.*