Nott, J.,
delivered the opinion of tbe court:
A motion is made on behalf of the claimant by S. S. Hinkle, esq., an attorney of tlie court, that he be admitted as “thefuture and sole attorney in the further prosecutionof the case. It is based on a power of attorney from the claimant, authorizing. Mr. Hinkle to prosecute the suit, and revoking- a former power-to one B. D. Whitney. It is resisted by the present attorneys on the ground that the power to Whitney ivas- irrevocable in terms' and coupled with an interest, and that large advances-have been made in the prosecution of the suit.
By the recent decision of the Supreme Court, in re Pasehall,. (10 Wall. It., p. 496,) it is determined that the relations between counsel and client are of so-delicate and confidential a nature that a party cannot be tied up and prevented from changing his. counsel by any previous arrangement-subsisting- between them,, though he at the same time maybe liable for the breach of' their contract. In this case the suit is prosecuted in the name of Mr. Carver; he has undoubtedly an interest in the action,, though it may not be the entire interest; he is the responsible claimant, and the only party known to the court. Undoubtedly he has the right to change his attorney and to substitute any other who is a member of this bar.
But the present attorneys also have rights which the court will also maintain. Where an attorney’s fees are fixed by statute, a substitution will not be ordered until they be ascertained and. paid. Where the attorney's fee is contingent, courts will assure him of a lien uj)on the ultimate judgment, and secure his. immediate re-imbúrsement of the expenses that have been incurred. The latter rule is applicable to this case, and the court will regard it as extending to all disbursements actually made or incurred, whether by the attorneys directly or by the formerattoruey-in-fact, Mr. Whitney.
The order of the court is, that S. S. Hinkle, esq., be substituted as attorney for the claimant instead of Bartley & Casey, *501 •esqs., niion payment first being made to them of all the disbursements incurred in the prosecution of the suit by the former attorneys directly, or by one B. D. Whitney on their behalf, the same to be settled and allowed by a judg'e at chambers. And it is, at the same time, ordered that Messrs. Bartley & Casey have and retain a lien upon the cause of action, and upon the papers and effects of the claimant, and upon any Judgment which may be recovered herein, to the amount of such contingent fees and costs as it was agreed by or on behalf of the claimant that his original attorney should receivé for professional service herein.