## THE QUEEN vs. AH KIAO.

EXCEPTIONS FROM FOURTH CIRCUIT COURT.

HEARING, MARCH 14, 1892.    DECISION, APRIL 2, 1892.

JUDD, C.J., BICKERTON AND DOLE, JJ.

The affidavit in support of a motion for continuance, on the ground of the
absence of a material witness, did not set out the facts which the wit-
ness would testify to:

Held, it was no error to refuse the motion.

Held, the granting or refusing a motion for continuance is within the dis-
cretion of the Court, and the Appellate Court will examine into it
only to see if the discretion has been abused.

OPINION OF THE COURT, BY JUDD, C.J.

The defendant was indicted at the Circuit Court of the Fourth
Judicial Circuit in February last for the offense of malicious
assault upon a female named Hana, with intent to commit rape,
at Hanalei, Kauai, on the 18th of May, 1891.

The Circuit Court was convened on the 9th of February.
The defendant took out a subpœna for a witness, Dr. Mitamura,
on the 10th February, which was served upon him on the 11th.
The case was called for trial on the 12th.. The desired witness
for the defense not appearing, the attorney for the defendant,
W. O. Smith, Esquire, moved the Court to continue the case to
the next (August) term.   The affidavit in support is as follows:

"William O. Smith, attorney for the defendant in the above
entitled cause, on oath deposes and says that one Dr. Mitamura,
residing at Papaa, Kauai, is a material witness for the defend-
ant; that due diligence has been exercised by the defendant's
attorney, and by the defendant himself, in the endeavor to pro-
cure the attendance of said witness, by taking out a subpœna
to compel his attendance, on the 10th day of the present month;

but the said witness has not appeared, and the defendant cannot go to trial and properly defend himself against the charge for which he is indicted, in the absence of said witness."

The Court refused the continuance, to which defendant's counsel excepted. The case then went to trial, and the jury rendered a verdict of guilty, to which defendant excepted and moved for a new trial.

The bill of exceptions brings up the single question whether a new trial should be granted on the ground that the continuance was refused.

We find, from the affidavit of the officer who served the subpœna on Dr. Mitamura, that the witness gave as his excuse for non-attendance, that his wife was ill and that this illness continued up to the date of the trial.

The defendant's counsel stated that the doctor had given evidence on behalf of the prosecntion on the 9th of June, 1891, upon a case against this defendant, involving the same state of facts, and he therefore supposed that the prosecntion had subpœnaed the witness to attend the Circuit Court on the 9th of February, together with the other witnesses. He gives this as a reason for not issuing a subpœna earlier. We notice, however, that Dr. Mitamura was not examined as a witness in the proceedings before the magistrate for commitment for the crime for which he was indicted. Moreover, the illness of the doctor's wife, requiring his attendance, being his excuse for non attendance, it would have existed as an excuse whether the subpœna was issued on the 10th or months earlier, and in this view want of diligence should not weigh against the defendant.

The objection made to the affidavit supporting the motion for continuance is that it does not set out the facts which the witness would have testified to, in order that the Court might judge of their materiality to the issue to be tried. *Howard vs. Hubertson*, 1 Hawn., 45, is authority that such an affidavit should set out the facts the witness is expected to prove. This was also the opinion of Chief Justice Lee in *Walker vs. Grimes*, 1 Hawn., 35, and was followed in *Will of Hewahewa*, 2 Hawn., 165, and affimed in *Napahoa vs. Chinese Union*, 7 Hawn., 379.

With so much precedent of our own, we consider the rule now well settled, and do not consider it necessary to examine the authorities cited for and against the position by counsel for the defense and prosecution respectively.

The granting or refusing a motion for continuance is within the discretion of the Court. *Kane vs. Nakaleka,* 7 Hawn., 211. We look into the matter only so far as to ascertain whether the Court, in refusing the motion to continue, abused its discretion. We find it did not. The exceptions are therefore overruled.

*C. Creighton,* Deputy Attorney-General, for prosecution.

*W. O. Smith,* for defendant.