*A. S. Hartwell* and *L. A. Thurston,* for the respondent.

---

## J. H. CONEY *v.* T. MITAMURA.

EXCEPTIONS FROM CIRCUIT COURT, FIFTH CIRCUIT.

SUBMITTED JUNE 26, 1895.          DECIDED JULY 5, 1895.

JUDD, C.J., FREAR, J., AND CIRCUIT JUDGE WHITING, WHO SAT IN PLACE OF MR. JUSTICE BICKERTON, ABSENT ON ACCOUNT OF ILLNESS.

When the papers of a case on appeal to the Circuit Court are lost and the fact of their loss and their contents are duly proved, this Court will not inquire whether the Circuit Court could proceed with the case without such proof.

The defense of non-performance of condition for the payment of a negotiable promissory note is not available to the maker when the suit is brought by a *bona fide* purchaser before maturity for value without notice of the failure.

In the absence of evidence as to when the note was transferred, whether before or after maturity, the presumption is that it was before maturity.

A second indorsee (the holder of a note) whose assignor was not affected with the equities of the defense, can maintain suit on the note, though he may have notice of the defense.

A special indorsee may maintain suit on the note in his own name even though he may have taken it for collection only.

OPINION OF THE COURT BY JUDD, C.J.

This is an action of assumpsit on a negotiable promissory note in words and figures as follows:

> "Kilauea, Kauai, H. I.,
> Oct. 1st, 1892.

Six months after date I promise to pay to H. P. Hugus, or order, Two Hundred Dollars ($200) without defalcation for value received.

With interest at 8 per cent. from date.

> T. Mitamura."

On the back of the note there are the following indorsements:

> "Pay to order of Dr. St. D. G. Walters,
> H. P. Hugus.

> Pay to order of J. H. Coney.
> St. D. Gunlais Walters."

The case was tried before the District Magistrate of the District of Hanalei, Kauai, who gave judgment for the defendant. The plaintiff then appealed to the Circuit Court, Fifth Circuit, jury waived. The case was put on the calendar for the September term, 1894, and was, at the request of defendant, continued to the next term. When the case was called at the March Term, 1895, of said Court it was stated that none of the papers of the case, except the note could be found. The Court was proceeding to hear the plaintiff's evidence when coun-

sel for defendant objected, on the ground that the Court had no jurisdiction to hear the case, because there were no pleadings nor papers before the Court, and no proof of loss of same, nor any proof of the contents of same.

These objections were severally overruled, but the plaintiff's counsel supplied proof of the loss of the original papers, and, by affidavit, proof of their contents substantially, also that the appeal had been perfected.     These facts all appear in defendant's bill of exceptions.     The defects complained of by defendant's counsel having been cured as above set forth, we do not consider it necessary to decide whether the Court would have had jurisdiction to proceed with the case without these proofs being made.

After plaintiff's proofs were in, the defendant moved for nonsuit, making the following points as appear in the bill of exceptions; that the note upon which the action is based has been transferred to the plaintiff without consideration, and that the plaintiff is not a *bona fide* holder thereof for valuable consideration.     The nonsuit being refused the defendant put on evidence and the Court gave judgment in favor of the plaintiff.

The facts sent up are substantially these:  At the date of the note, October 1, 1892, one Dr. H. P. Hugus was Government Physician at Hanalei, Kauai, and on condition that he would procure for Dr. Mitamura (defendant) the appointment of Government Physician at Hanalei, defendant gave Dr. Hugus his promissory note for $200 payable in six months.  Defendant testified that the condition had not been performed for he had not received the appointment.   This is not denied.   If the action had been brought by Dr. Hugus it would seem as if this defense should have prevailed.   The note, however, had been transferred to Dr. St. D. G. Walters by indorsement.   The consideration of the transfer was proved to be one hundred dollars.   If the transfer of this note had been made before maturity the equities would not be open to the defendant unless they had been brought to his notice.   But if the transfer was made after maturity they would be.   Unfortunately there is

no evidence upon this point, and the presumption is that it was transferred before maturity, and so the defense of failure of consideration is not available to defendant.

2 Randolph, Commercial Paper, Sec. 686 and numerous cases there cited.

The endorsement by Dr. Walters to the plaintiff Coney, is the ordinary special indorsement, "Pay to the order of J. H. Coney." But Coney admitted that this transfer was made without consideration passing and for collection merely. The plaintiff as indorsee became vested with the legal title and was the proper person to bring suit on the note. Even if it be proved that the transfer was for the purpose of collection merely suit thereon may be maintained by the holder. Authorities for these propositions of law are 2 Randolph, Commercial Paper, Secs. 735-6. Hawes, Parties to Actions, Sec. 35.

If Dr. Walters took this note for value without notice of the failure of consideration, then his indorsee, the present holder, may recover though he may be aware of the equities. 2 Greenleaf Ev., Sec. 171, 10th Ed.

We remark that the making of the note was shown to be admitted by defendant who offered to pay both to Dr. Walters and to the present holder one-half of it by way of compromise.

The exceptions are overruled.

*S. K. Kaeo,* for plaintiff.

*A. Rosa,* for defendant.