THE McBRYDE ESTATE, Limited, *v.* JANE R. GAY,
McH. ROBINSON, A. ROBINSON and F. GAY, part-
ners as GAY & ROBINSON.

EXCEPTIONS FROM CIRCUIT COURT, FIFTH CIRCUIT.

SUBMITTED JUNE 19, 1902.          DECIDED JULY 2, 1902.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

An application for a continuance of a cause is addressed to the sound
  legal discretion of the court.
Every motion for a continuance should stand on its own merit.
A circuit judge has no right to make a rule or to follow the practice of
  allowing a continuance of causes for the term, on payment of costs,
  without sufficient showing therefor.

OPINION OF THE COURT BY GALBRAITH, J.

This cause was at issue for the March, 1902, term of the Fifth
Circuit Court. The defendant, not wishing to go to trial, pre-
sented a motion for a continuance for the term, supported by
affidavits. The motion was opposed by the plaintiff and counter
affidavits were filed. The court after remarking several times
during the delivery of his decision, in substance, that the rule, in
his court was pretty well settled, of allowing almost as a matter
of course one continuance on payment of costs, finally concluded
as follows: "On the whole, I am inclined to allow a continuance
on the usual grounds, with the usual condition, that the defend-
ants pay the costs that arise in connection with it, as being part
of the practice of the court, and the question of the amendment

of the answer may be raised later." Whereupon counsel asked that, if an amendment was sought, it should be confined to new matter. The court then referred to the special circumstances of the case and added to the said order that 20 days' notice be given of any motion to amend the answer. The entire order was excepted to by the plaintiff on the ground that it was an abuse of discretion. The bill of exceptions was presented and allowed by the judge.

An application for a continuance under the practice in this Territory is addressed to the discretion of the court, Sec. 1274, C. L. It has been held by this court that where a ruling on an application for a continuance is complained of the court will only look into the matter so far as to ascertain whether there was an abuse of discretion. *Queen v. Ah Kiao*, 8 Haw. 466-8. It is apparent that this discretion ought to be cautiously exercised by the court particularly where so long a time intervenes between the terms as in the Fifth Circuit, and a strong showing ought to be made to warrant the court in continuing a cause for six months especially before the issues are settled.

"A motion to its discretion," said Chief Justice Marshall, "is a motion not to its inclination, but to its judgment; and its judgment is to be guided by sound legal principles." *Trial of Aaron Burr*, vol. 1, p. 182.

Every application for a continuance should stand on its own merit. The circuit court under the law has no right to make a rule or to establish a practice allowing a continuance as a matter of course.

Whether the court intended to base the order for a continuance at all on the showing made is perhaps not altogether clear but it is quite evident that he intended to grant a continuance in any event upon what he called the practice of his court. It was manifest error for the court to grant the continuance on that ground but it is impossible to correct the error at this time. The term having lapsed the case will go over as a matter of necessity.

It would be fruitless to sustain the exception, and for that reason it should be overruled. It is so ordered.

*Kinney, Ballou & McClanahan* for plaintiff.

*Robertson & Wilder* for defendants.

### CONCURRING OPINION OF PERRY, J.

It is not clear from the decision rendered by the judge below that he based his ruling, granting a continuance, solely on the ground that, as a matter of practice in that Circuit, the defendant was entitled to the continuance. It would seem that the court thought that on the merits the motion might properly be granted. The judge said, *inter alia*, that certain facts related by him showed that "there is considerable obscurity with regard to the location of Kuiloa, and, that being so, there has not been any great amount of time granted since suit was commenced for ascertaining where Kuiloa is, and what it is." One of the reasons urged by the defendants in support of their application for a continuance was that they had not had sufficient time to complete a survey of the land in dispute. If the motion was granted because of this supposed lack of time for preparation for trial, I think that it cannot, in view of all the evidence then before the trial judge, be said that the latter abused his discretion in ruling as he did, whatever our own conclusion might be if the application were an original one before us. If, on the other hand, the ruling was based solely on the ground of right as a matter of practice, then I concur that such ruling was erroneous. In view of the fact, however, that the March term of the Circuit Court of the Fifth Circuit has now ended, the exceptions must, in either event, be overruled.