## THE SUMITOMO BANK OF HAWAII, LIMITED, *v.* HAWAII NOSAN SHOKWAI, LIMITED.

### No. 1286.

APPEAL FROM CIRCUIT JUDGE FIRST CIRCUIT.
HON. J. J. BANKS, JUDGE.

ARGUED NOVEMBER 5, 1920.                    DECIDED NOVEMBER 22, 1920.

COKE, C. J., KEMP AND EDINGS, JJ.

COMMERCIAL PAPER—*bills of lading.*

> The bill of lading represents the goods. It is the symbol of the goods. Its negotiability is that of the goods. Thus in general the transferee of a bill of lading takes the title of the transferor just as the transferee of goods takes the title of the transferor.

SAME—*bills of exchange—transfer by blank indorsement.*

> The legal title to a bill of exchange may be transferred by blank indorsement and the holder to whom such bill is transferred has absolute control thereof.

SAME—*same—same.*

> The possession of a bill of exchange indorsed in blank to the payee is *prima facie* proof of ownership and sufficient in the absence of other evidence to entitle the holder to recover on proving the indorsement.

### OPINION OF THE COURT BY COKE, C. J.

The petitioner-appellant instituted its suit in equity before the circuit court of the first judicial circuit to foreclose a mortgage theretofore executed to it by the respondent-appellee. At the conclusion of the hearing the circuit court rendered its decision dismissing appellant's petition and from this decision and the decree entered thereon the appellant has perfected an appeal to this court. The mortgage contains the following clauses which are of importance in determining the questions now before us:

"That the mortgagor, in consideration of the sum of one dollar ($1.00) to it paid by the mortgagee, and further advances made and to be made to the mortgagor by the mortgagee up to an aggregate of ten thousand dollars ($10,000.00) as needed by the mortgagor, does hereby give, grant," etc., and "if the mortgagor shall well and truly pay all such sums of money, whether evidenced by promissory notes or by open account, not exceeding in all the sum of ten thousand dollars ($10,000.00) as the mortgagee may have advanced or shall hereafter advance to the said mortgagor, within one year from the date hereof on the security of this mortgage or any subsequent extension thereof, or which may become owing by the mortgagor to the mortgagee, * * * and shall not make any unlawful, improper or offensive use of the premises occupied by said store, or any breach of any covenant or condition herein contained, or by any act or negligence whereby the property hereby conveyed or any part thereof shall become liable to seizure or attachment on any mesne or final process of law, in bankruptcy or otherwise, or whereby the security of these presents shall be impaired, then this mortgage shall be void." The mortgage covered the property of the mortgagor owned by it in connection with its store at the corner of Beretania street and Aala lane, Honolulu. The suit for foreclosure was based on the ground that the mortgagor had allowed the stock in trade covered by the mortgage to run down in value from $9000 to $5000 and in its decision the circuit court found this allegation to be true and that the mortgagor had for that reason committed a breach of the mortgage and that such breach would justify a foreclosure if at the time of the institution of the suit there was in fact an enforceable obligation in favor of the mortgagee and against the mortgagor. It was established at the trial that at the time the

mortgage was executed the mortgagee had in its possession unpaid and past due commercial drafts drawn upon appellee by exporters in Japan who had consigned goods and merchandise to the appellee. These drafts were discounted with and transferred to the Sumitomo Bank, Limited, in Japan, which in turn indorsed the drafts in blank and transmitted the same together with bills of lading, invoices and insurance policies covering the merchandise to the Sumitomo Bank of Hawaii, Limited, the petitioner herein. These foreign bills of exchange or drafts amounted in all to the sum of $10,611.19. The drafts were duly presented to and accepted by the appellee and the bills of lading, invoices and insurance policies were thereupon turned over to it by the appellant and the goods and merchandise were delivered to the appellee.

The main question involved in this case is whether under the facts above briefly outlined the appellee, the Hawaii Nosan Shokwai, Limited, became obligated to the Sumitomo Bank of Hawaii, Limited, in the amount of the drafts; or in other words, did the transaction create the relation of debtor and creditor between the parties. The court below held that it did not and dismissed appellant's petition. The trial court disposed of the subject in the following language: "Do the drafts themselves create the relation of debtor and creditor between the respondent and the complainant? Most certainly not. The drafts were nothing more than the written demands of the respondent's creditors, namely, the Japanese exporters, that it acknowledge its indebtedness to them, and, upon maturity, pay it. The complainant was merely the agent through which these demands were made. The receipt of the drafts by the complainant for presentation and collection did not substitute it as the creditor of the respondent in the place of those who had sold the goods to the

respondent, nor did the respondent incur any obligation to the complainant on account thereof. The status of the sellers of the goods and the respondent remained unchanged. Nor did the failure of the respondent to protest the drafts for nonpayment alter the situation. If ' there was no legal excuse for the respondent's failure to protest the drafts and give proper notice, it probably incurred a liability to those who were damaged through its negligence, but this created no obligation in its favor against the respondent which the law recognizes." We are unable to agree with the principles thus announced. The exporters in Japan consigned goods to the respondent doing business in Honolulu. Drafts covering the value of the goods were drawn upon the consignee. These drafts were transferred to the bank in Japan and by it indorsed in blank to the appellant herein. The drafts were duly presented by the Honolulu bank and were accepted by the appellee. The merchandise was delivered to appellee. The drafts were not protested for the nonpayment thereof. The question then is, the consignee having received the goods, where does its obligation lie? Most certainly it was indebted for the invoice price of the merchandise to some one and it seems clear to us that the bills of lading represented the merchandise and that the consignee's obligation for the merchandise was to the legal holder of the drafts. The local bank by failing to duly protest the drafts for nonpayment rendered itself liable to the bank in Japan. (See Sec. 3602 R. L. 1915.) The bank here delivered the goods to the consignee and thus accepted its credit for the price thereof and of course holds a valid and enforceable claim against the consignee for the purchase price of the goods as represented by the draft. "The bill of lading represents the goods. It is, as is said, the symbol of the goods. Its negotiability is that of the goods. Thus in

general the transferee of a bill of lading takes the title of the transferor just as the transferee of goods can take only the title of the transferor." 49 L. R. A. (N. S.) p. 645. See also *The Carlos F. Roses,* 177 U. S. 655, 665, and *Dickson* v. *Merchants Elevator Co.,* 44 Mo. Ap. 498. Under our local statute (Sec. 3501 R. L. 1915) and also by the law merchant as understood and constantly applied the Sumitomo Bank of Hawaii, holding as it did drafts duly indorsed to it in blank and accepted by the drawee, could have maintained an action thereon in its own name. And if it could have done this then the relation of debtor and creditor must necessarily have existed between the parties to this suit at the date of the execution of the mortgage. "The legal title to a bill or note may be transferred by a blank indorsement, and the holder to whom such bill or note is delivered has absolute control thereof. The possession of a promissory note indorsed in blank by the payee is *prima facie* proof of ownership and sufficient in the absence of other evidence to entitle the holder to recover on proving the indorsement." Eaton & Gilbert on Commercial Paper, 327. See also 2 Parsons on Notes and Bills, p. 442. And if the appellant had an enforceable claim against the appellee its right to take security to protect that obligation in the form of the mortgage now in suit cannot be questioned.

It was established by the testimony of Mr. Nakayama, vice-president and manager of the Sumitomo Bank of Hawaii, that the purpose for which the mortgage was given by the appellee was to secure the payment of the foreign bills of exchange in question. This testimony was clear, direct and stands uncontradicted and it must be held to be conclusive notwithstanding it appears to have had little or no weight with the trial court.

The decree appealed from is reversed and the cause is

remanded to the court below for further proceedings consistent with this opinion.

W. W. *Thayer* for petitioner.

W. J. *Robinson* for respondent.