## HARRY IRWIN *v.* NORMAN K. LYMAN.

## No. 1717.

### MOTION TO DISMISS.

ARGUED AUGUST 20, 1926.                    DECIDED NOVEMBER 1, 1926.

### PERRY, C. J., BANKS AND PARSONS, JJ.

APPEAL AND ERROR—*determination and disposition of cause—affirmance on motion.*

Under section 6, Rule 6 of the rules of this court, when a motion is made to dismiss, although the record may show that the case is properly before this court, the court is given authority to affirm the judgment of the lower court on motion of the appellee when it is manifest that the appeal was taken for delay only or the question involved is such as not to need further argument.

CONTINUANCES—*discretion of court.*

The granting or denial of a motion for continuance is in the sound legal discretion of the trial judge and unless this discretion is abused his action will not be disturbed by this court.

BILLS AND NOTES—*parties to actions—who may sue—holder of legal title.*

When a negotiable promissory note is indorsed in blank by the payee and delivered to another for collection only and without consideration the latter is entitled to maintain suit in his own name against the maker.

OPINION OF THE COURT BY BANKS, J.

This is a motion to dismiss a writ of error or to affirm the judgment of the court below.  The motion to dismiss the writ is predicated on certain alleged imperfections in the application for its issuance and the legal insufficiency of the bond filed by the plaintiff in error.   Since the motion was argued and submitted the plaintiff in error has by amendment cured the imperfections complained of and has also filed a new bond the sufficiency of which is not questioned by the movant.   The motion to dismiss the writ is therefore overruled.  This leaves for consideration the motion to affirm the judgment of the lower court. The motion to affirm is based on two grounds, namely: (1) "It is manifest that the writ of error herein was obtained for the purposes of delay only;"   (2)   "That the questions raised and involved in these proceedings on error are such as not to need further argument."   The authority to entertain the motion is conferred by section 6 of Rule 6 of the Rules of the Supreme Court.  This rule is as follows: "There may be united with a motion to dismiss, a motion to affirm on the ground that, although the record may show that the case is properly before this court, it is manifest that the appeal was taken for delay only or that the question involved is such as not to need further argument."

On April 27, 1926, the plaintiff below brought suit against the defendant below on a negotiable promissory note.   Defendant filed an answer containing a general denial of the averments of the complaint.   He also filed a demand for jury trial.   By consent of the parties the case was set down for trial on the 21st day of June.  On

that date the presiding judge, Honorable Homer L. Ross, announced that he was disqualified to hear the case and passed it to June 28. On June 28, another circuit judge having been designated by the chief justice to sit in the place of Judge Ross, the defendant's counsel moved for a continuance on the ground that the defendant was then engaged as attorney at law in the trial of certain cases in Honolulu. The motion was consented to by the plain-. tiff with the understanding that the jury be presently impaneled and that the case be tried on the following Thursday, July 1. The jury was impaneled and sworn and the case continued to the date mentioned. On July 1 defendant's counsel again moved for a continuance on the ground that the defendant was not present. In support of the motion an affidavit signed by the defendant was presented. In substance the defendant deposes in his affidavit that beginning on June 30 and up to and including July 3 he would be engaged in the trial of certain cases in the district court of Honolulu and one case in the Federal court and therefore could not be present in Hilo on July 1 at the trial of the instant case. He also deposes that he has a meritorious defense to the action. The court below denied the motion for continuance to which action the defendant excepted. The denial of the motion is assigned as error. There is no merit in the assignment. The granting or refusal of a motion to continue a case is largely within the legal discretion of the trial court. Unless this discretion is abused, no reversible error can be predicated on its exercise. *McBryde Est.* v. *Gay,* 14 Haw. 313; *Queen* v. *Ah Kiao,* 8 Haw. 466; *Kane* v. *Nakaleka,* 7 Haw. 211, 213; *Waldeyer* v. *Wailuku Sugar Co.,* 19 Haw. 245, 257. There was no such abuse in the instant case. It may be the defendant was necessarily absent when his case was tried but in order for his absence to entitle him to a continuance as a matter of legal

right it should have appeared in his affidavit or in some other way that his presence was indispensable either as a witness or for some other sufficient reason.  If he was a material witness in his own behalf the testimony he would give should have been set forth in his affidavit in order to enable the court to determine its relevancy or materiality.  Also if his presence was necessary for some other purpose the court should have been properly informed. No such information was furnished by affidavit or otherwise, consequently there was no abuse of discretion in denying the motion.  The plaintiff introduced in evidence two promissory notes signed by the defendant and payable to H. L. Ross.  One of these notes had been paid in full and was not included in the suit.  The other one was for $1000 upon which certain payments had been made leaving a balance due and unpaid. This note was indorsed in blank by the payee and delivered to the plaintiff for collection.  There was no consideration for the indorsement.  No other material evidence was introduced by either party except as to attorney's fees.  Upon the conclusion of the evidence the trial court at the request of the plaintiff instructed the jury to return a verdict in his behalf.  This request was granted and the jury was so instructed.  The defendant excepted to the giving of the instruction and assigns it as error.  The jury returned a verdict for the plaintiff and judgment was entered accordingly.  The defendant contends that the plaintiff, being merely an indorsee of the note for collection and without consideration, had no right under the law to maintain the present action and therefore the court below was in error in directing the jury to return a verdict for him.  There is no merit in this contention. The indorsement of the note in blank by the payee and its delivery to the plaintiff, although for collection only, vested the plaintiff with the legal title and as the holder

of such title he had a right to bring and maintain the present action. *Bullions* v. *Loring Bros.*, 1 Haw. 372, 390 (1856) ; *Coney* v. *Mitamura*, 10 Haw. 64. There are cases in other jurisdictions which hold that an indorsee of a negotiable instrument for collection merely cannot maintain a suit on it but these cases are based on statutory provisions requiring suits to be brought in the name of the beneficial owner. We have no such statute.

It is manifest that the questions involved are such as not to require further argument. The judgment of the court below is affirmed.

*H. Irwin* (also on the brief) for the motion.

*J. S. Ferry* contra.

