## MILDRED ITO *v.* D. A. BARILOTTI
## AND MRS. DON BARILOTTI.

### No. 3041.

ARGUED APRIL 15, 1957.                    DECIDED MAY 8, 1957.

RICE, C. J., STAINBACK AND MARUMOTO, JJ.

OPINION OF THE COURT BY STAINBACK, J.

This is a suit on a promissory note payable to George T. Black or Agnes L. Black, of Jamestown, California, dated January 1, 1949, in the sum of $1,700, on which there was a balance due and owing of $1,300 plus interest. The defendants, husband and wife, were co-makers of the note.

The note was endorsed to plaintiff for collection, the endorsement reading "Miss Mildred Ito, Secretary to Richard D. Welsh, attorney at law" with instructions to collect the same. Suit for collection of the balance due on the note was filed November 4, 1954. By letter dated December 17, 1954 the payees directed the plaintiff's attorney to return the note and cancel all proceedings on the same. This the plaintiff's attorney refused to do, informing the payees Black that unless the collection charges were paid the suit would proceed. The payees refused to pay the collection charges and the suit was continued against the defendants.

It appears that during 1954 the defendants developed domestic difficulties and the defendant-appellee, Mrs. Don Barilotti, was granted an interlocutory decree of divorce from her husband by the Superior Court of the State of California in and for the County of Los Angeles. The defendant-appellee, D. A. Barilotti, was ordered in the interlocutory decree to pay to his wife the sum of $75 per month for the support of their minor child, and Mrs. Barilotti was awarded a one-half interest in a certain ketch known as the *Sea Foam* on the basis that the ketch was community property. The defendant, D. A. Barilotti, failed to make payment of the support moneys directed in the interlocutory decree and became delinquent in his payments to the extent of $300.

On or about July, 1954, the defendant-appellee, Mrs. Don Barilotti, employed Attorney Welsh, attorney for the plaintiff-appellant, to collect the support money in arrears and further to recover her one-half interest in the ketch *Sea Foam* which at that time was moored at the Ala Wai yacht harbor in Honolulu. Under this agreement Attorney Welsh was to receive as compensation one third of the amount collected by him.

Upon Mrs. Barilotti's disclosing to her attorney, Mr. Welsh, that she and her husband had executed the above-

mentioned promissory note as co-makers, Attorney Welsh advised Mrs. Barilotti that the quickest way for her to gain her money and possession of the ketch would be to persuade Mr. Black and his wife (brother-in-law and sister of Mrs. Barilotti) to bring suit on the within described note. Mr. and Mrs. Black in order to aid their relative, Mrs. Barilotti, endorsed the note to Mr. Welsh's secretary for collection. At that time Mr. Welsh advised the payees by letter of October 18, 1954, that their endorsement would "not in fact confer any beneficial interest on the endorsee."

The endorsed note was forwarded to Attorney Welsh as "per your letter of October 18, 1954," with the statement that the note was for collection "from the funds of the sale of boat owned by Mr. and Mrs. Barilotti."

In December 1954 the defendant-appellees were reconciled and the interlocutory decree of divorce was vacated, whereupon Mrs. Barilotti discharged Mr. Welsh as her attorney and instructed him to discontinue all proceedings against her husband; likewise, on December 17, 1954, George T. Black discharged Mr. Welsh as his collection agent and instructed him to "Kindly return the note to me and cancel all collection proceedings regarding the note." Mr. Welsh refused to discontinue for the reasons above stated, that he had not yet received payment of his fee.

Thereafter Mr. Welsh instituted a suit (Civil No. 676) in February 1955 against defendant-appellee, Mrs. Barilotti, for the recovery of fee for his services as attorney. This suit proceeded to judgment and granted Attorney Welsh the amount of $750 for attorney's fee, plus $287 costs, which judgment has been satisfied. After the filing of the above civil suit, Mr. Welsh was never reemployed by either Mrs. Barilotti or Mr. Black.

Cross motions for summary judgment in the instant case were presented to the trial court. On April 1, 1955, the trial court found that Mr. Black and not plaintiff-

appellant was the "real party in interest" and issued an order dismissing the proceedings and entered judgment in favor of defendants-appellees.

Counsel's first point is that the endorsement of the note in blank by the payees and its delivery to the plaintiff although for collection only, "vested" the plaintiff "with the legal title," that plaintiff "is the proper person to sue and maintain suit on the note and has *absolute control thereof,*" citing and quoting from *Irwin* v. *Lyman,* 29 Haw. 434, *Coney* v. *Mitamura,* 10 Haw. 64, and *Sumitomo Bank* v. *Hawaii Nosan,* 25 Haw. 646.

He states "The endorser has remaining an equitable title with a right to an equitable or beneficial interest in the share of the proceeds and *no control* of the suit."

There can be no question as to the correctness of the holdings of the several Hawaiian cases cited by plaintiff that an endorsee of a note for collection only may properly bring suit in his own name. However, these holdings are as between the endorsee and the makers of the note and do not involve the question of the right of the payee, the principal of the endorsee, his agent, to terminate the authority of his agent and stop the proceedings.

As stated in 8 American Jurisprudence, *Bills and Notes,* section 931, page 548: "It is also a well-settled general rule that an indorsement of negotiable paper to one who is the agent or trustee of the indorser transfers title thereto as to all parties except his principal, and the agent or trustee may maintain an action thereon in his own name as the holder of the instrument."

It is also stated in 8 American Jurisprudence, *Bills and Notes,* section 932, pages 549, 550: "The indorsement of an instrument for the purpose of collection on account of its owner passes the legal title so far only as to enable the indorsee to demand, receive, and sue for the money to be paid; the true owner of the paper so indorsed may con-

trol the same until paid in full * * *."

The relationship between the endorser and the endorsee for collection is that of principal and agent, and an agent whose authority to collect has been terminated will not afford protection to the maker unless the note has been paid without notice of the termination of the authority of the agent to collect.

A note endorsed for collection purposes only may be recalled at the pleasure of the endorser. (*Vermont Evaporator Co.* v. *Taft,* 181 Atl. 100 [Vermont].)

"Indorsements for collection and remittance on account of payee *held* creation of power rather than contracts of indorsement passing title to paper only so far as necessary to enable indorsee to demand, receive, and sue for debt in his own name." (*Vermont Evaporator Co.* v. *Taft, supra,* citing numerous cases.)

The fact that the endorsee was to receive a percentage of the amount collected does not give him a power coupled with an interest as that term is used in circumstances which forbid cancellation of such agency.

In the instant case the client-payee of the note, Black, discharged his attorney as he had a right to do at any time except where the attorney has an interest in the subject-matter of the suit.

"In accord with the general principle prevailing, an agency to collect money for a share of the proceeds is not one coupled with an interest." (2 Am. Jur., *Agency,* § 84, p. 67, citing numerous cases, among others *Walker* v. *Walker,* 125 U. S. 339.)

As stated in *Todd* v. *Superior Court* (Cal.), 184 Pac. 684, 7 A. L. R. 938, 943, quoting 6 C. J. 677: " 'This right of discharge exists even though a contingent fee has been agreed upon, or an irrevocable power of attorney has been given (Carver v. United States, 7 Ct. Cl. 499; People ex rel. Downer v. Norton, 16 Cal. 436; Crosby v. Hatch, 155

Iowa, 312, 316, 135 N. W. 1079), or the attorney has rendered valuable services under his employment (Gage v. Atwater, 136 Cal. 170, 68 Pac. 581), or the client is indebted to him therefor, or for moneys advanced in the prosecution or defense of the action (ibid.).' "

Finally, plaintiff makes the contention that the attorney has a right to continue the suit because his client made a fraudulent or collusive settlement intended to deprive him of his compensation and costs and that therefore the attorney should be permitted to proceed for the purpose of protecting his interest.

It will be noted that the attorney for plaintiff, after his discharge, did sue the defendant, Mrs. Barilotti, the proceedings of which are made a part of the record in this case. It appears that plaintiff's attorney set forth in the suit for alleged services the collection of arrears of support money for her minor son and the recovery of her one-half interest in the ketch *Sea Foam* and certain services in attempts to collect certain promissory notes, for all of which he was to recover one third of the total amounts collected. Plaintiff also alleged his success in restraining the disposal of or removal from the Territory of Hawaii of the ketch, and that the reasonable value of his services was the sum of $2,000 which had not been paid to him and therefore demanded judgment for $2,000 together with costs, etc.

As previously set forth, this suit was settled by agreement and judgment was entered in the sum of $750 plus costs of $287. The suit obviously covered all services which had been performed by plaintiff's attorney in this case and a settlement thereof constitutes res adjudicata. Further, to permit such a suit at present would be splitting a cause of action, even assuming that the prior suit did not set forth a complete statement of services performed by the plaintiff.

In the final analysis, this suit reduces itself to a suit by the endorsee for collection of a promissory note where the authority of such endorsee to continue with such suit has been revoked.

Judgment affirmed.

*Richard D. Welsh* (also on the briefs) for appellant.

*Howard K. Hoddick* (*Bruce M. Clark* with him on the brief for appellee *Mrs. Don Barilotti*) for appellee *D. A. Barilotti*.